IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN FREIDRICH, | : | |
|     Plaintiff. | : | CIVIL ACTION |
| | : | No.  12-5604 |
|     v. | : | |
| | : | |
| THOMAS DAVIS | : | |
|     Defendant. | : | |

**December 16, 2013**                                                                             **Anita B. Brody, J.**

### MEMORANDUM

Plaintiff Carolyn Freidrich ("Freidrich") alleges that Defendant Thomas Davis ("Davis") fell on and broke her arm during a December 29, 2010 flight from Philadelphia, Pennsylvania to Munich, Germany.  Freidrich brings suit against Davis in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.  Davis moves to dismiss the suit for lack of subject matter jurisdiction, arguing that Freidrich fails to establish diversity of citizenship between the parties.[1]  Based on the evidence presented at the November 20, 2013 hearing, I will grant Davis's motion for the reasons discussed below.

### I. LEGAL STANDARD

The party invoking diversity jurisdiction bears the burden of proof.  *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Samuel-Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir. 2004).  A party meets this burden by proving diversity of

---

[1] I also note my responsibility to raise *sua sponte* the issue of subject matter jurisdiction.  *See Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (holding that subject matter jurisdiction may be raised initially by either party, or *sua sponte* by the court, at any stage of litigation, including appeal) (citations omitted); Fed. R. Civ. P. 12(h)(3) (noting that a court shall dismiss an action "[w]henever it appears by suggestion of the parties or otherwise" that subject matter jurisdiction is lacking).

1

citizenship between the parties by a preponderance of the evidence. *McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 290 (3d Cir. 2006).

## II. FINDINGS OF FACT

In my July 11, 2013 order, I granted Davis's motion to dismiss to the extent that if either party is domiciled in Germany, I lack subject matter jurisdiction. I directed the parties to take jurisdictional discovery into the domicile of Freidrich and Davis. After reviewing the evidence submitted at the November 20, 2013 hearing, I now make the following findings of fact:

1. Both Freidrich and Davis are American citizens.
2. Davis was born in June 1951 in Harrisburg, Pennsylvania.[2]
3. From 1985 to 1996, Davis lived in a home he owned at 108 Blacksmith Road, Camp Hill, Pennsylvania.
4. In 1996, Davis moved from Pennsylvania to Germany. Since 1996, he has continuously resided in Germany with the exception of a six-month period in 1999 when he temporarily returned to Pennsylvania for work.
5. In September 1999, Davis sold his home at 108 Blacksmith Road. He currently owns no property in Pennsylvania.
6. In July 2005, after deciding to remain in Germany, Davis and his wife purchased a home at Hintere Gerbergass 7, Nordlingen, Germany. They continue to reside there.
7. Since 1999, Davis has owned his own consulting company, Davis Consulting, a German corporation with exclusively German customers.
8. From 2000 to 2011, Davis filed German tax returns using a German address.[3]

---

[2] Because, as I explain below, I find the issue of Davis's domicile dispositive, I find facts related to only Davis's domicile and do not find facts related to or address the issue of Freidrich's domicile.

[3] In his response to Freidrich's Request for Production of Documents, Davis stated that his 2012 German tax returns had not yet been filed as permitted by German law.

9. Davis holds a German driver's license issued in February 1998.

10. Davis holds a German residency permit issued in October 2003.

11. Since 2009, Davis has visited the United States approximately twice a year for seven to ten days at a time primarily for the purpose of visiting family in the Mechanicsburg, Pennsylvania area.

12. When he visits Pennsylvania, Davis stays with either his mother-in-law in a one-bedroom apartment at 5225 Wilson Lane, Mechanicsburg, Pennsylvania, or with his mother in a two-bedroom cottage in a Mechanicsburg, Pennsylvania retirement community.

13. Davis votes in U.S. national elections by absentee ballot in Cumberland County, Pennsylvania.  In September 2012, Davis filed a Federal Post Card Application Voter Registration and Absentee Ballot Request.  Davis listed Hintere Gerbergass 7, Nordlingen, Germany as his current address.  Davis listed his mother-in-law's Mechanicsburg, Pennsylvania address as his U.S. address for voting purposes.

14. Davis checked a box on the Registration and Ballot Request form that reads: "I am a U.S. citizen residing outside the U.S., and I intend to return."

15. Davis holds a Pennsylvania driver's license issued in August 2011.   The license lists his mother-in-law's Mechanicsburg, Pennsylvania address.

16. From 2000 to 2012, Davis filed U.S. tax returns using a German address.

17. Davis has a 401K retirement account with American Express.[4]  Davis also has a bank account in Pennsylvania with Santander Bank that he keeps in order to access U.S. currency.

---

[4] At his deposition, Davis testified that he believes he is required to keep the retirement account within the United States until he reaches a certain age.

18. Davis and his wife consulted local German authorities about becoming German citizens, but he has retained his American citizenship.

19. At his deposition, Davis testified that he intends to remain in Germany for the rest of his life. He also testified that he and his wife discussed the issue and jointly decided to remain in Germany. Davis testified that his friends and his life are in Germany.

**III. DISCUSSION**

Freidrich alleges that diversity jurisdiction exists under 28 U.S.C. § 1332 because she and Davis are "citizens of different States." 28 U.S.C. § 1332(a)(1). Specifically, she alleges that she is citizen of Ohio and Davis is a citizen of Pennsylvania. Davis argues that both he and Freidrich are American citizens domiciled in Germany and thus not citizens of any state for the purposes of diversity jurisdiction.

Natural persons can be sued in federal court under the diversity jurisdiction statute if they are either "citizens of a State," *see* 28 U.S.C. § 1332(a)(1), or "citizens or subjects of a foreign state," *see id.* § 1332(a)(2). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must be both a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 828 (1989).[5] Important to this case, an American citizen domiciled abroad is not domiciled in a particular state, and therefore such a person is not a citizen of any state—"stateless"—for purposes of diversity jurisdiction. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 184 (3d Cir. 2008). Thus, American citizens domiciled abroad cannot sue or be sued in federal court under the diversity jurisdiction statute because they are neither "citizens of a State," *see* 28 U.S.C. § 1332(a)(1), nor "citizens or subjects of a foreign state," *see id.* § 1332(a)(2). *Id.*

---

[5] The citizenship of the parties is based on the relevant facts at the time the complaint was filed. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). The Complaint in this case was filed on October 1, 2012.

Domicile is established by one's physical presence in a state—e.g., residence—and intent to remain there indefinitely. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). When determining a person's domicile, courts consider declarations;[6] place of employment; exercise of political rights; payment of personal taxes; house of residence; place of business; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; and driver's license and vehicle registration. *McCann*, 458 F.3d at 286. "More generally, the court must locate the center of one's business, domestic, social and civic life." *Washington*, 652 F.3d at 344 (citation omitted) (internal quotation omitted).

An individual can change his domicile instantly if "he takes up residence at the new domicile and intends to remain there." *Washington*, 652 F.3d at 345 (citation omitted) (internal quotation omitted). "Proof of intent to remain permanently is not the test. If the new state is to be one's home for an indefinite period of time, he has acquired a new domicile." *Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972) (citation omitted) (internal quotation omitted). But "domicile once acquired is presumed to continue until it is shown to have been changed." *Korn v. Korn,* 398 F.2d 689, 691 n. 4 (3d Cir. 1968) (citation omitted). "This principle gives rise to a presumption favoring an established domicile over a new one." *McCann,* 458 F.3d at 286-87 (citation omitted). Given such a presumption, "[t]he party claiming a new domicile bears the initial burden of producing sufficient evidence to rebut the presumption in favor of the established domicile." *Id*. at 288.

With respect to the present case, I find that Davis has met the burden of production required to rebut the presumption that he continues to be domiciled in Pennsylvania. Davis has

---

[6] Although the Third Circuit has said that "[o]ne's testimony as to his intention to establish a domicile . . . cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct . . . ," *Korn v. Korn*, 398 F.2d 689, 691 (3d Cir. 1968), the court has also said that statements of intention to reside in a particular location should not be disregarded when they are "buttressed, not contradicted, by [a party's] course of conduct at the time she filed her complaint." *Washington*, 652 F.3d at 347.

not worked or resided in Pennsylvania since 1996, and he has not owned property in the state since 1999. To the contrary, Davis has worked and resided in Germany for more than fifteen years, and the center of his business, domestic, social and civil life is in Germany. Davis and his wife own a home there, and Davis owns his own business there. Davis has a German driver's license and residency permit. Davis' declaration on his Registration and Ballot Request form that he intends to return to the United States is not dispositive and is contradicted by Davis's declared intention to spend the rest of his life in Germany. That he cannot definitively rule out the possibility of his return to the United States does not change the fact that he has acquired a new domicile in Germany. *See Krasnov*, 465 F.2d at 1300-01. I find that Davis is an American citizen domiciled in Germany.

## IV. CONCLUSION

In summary, I find that Davis is an American citizen domiciled in Germany. As a result, Davis is "stateless" for the purposes of diversity jurisdiction, and he cannot sue or be sued under the diversity jurisdiction statute. Thus, I lack subject matter jurisdiction over the case, and I will grant Davis's motion to dismiss without prejudice.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: